### Kerney LOUVIERE, et al.

### v.

### AM GENERAL CORPORATION, et al.

### Civ. A. No. 82–2934.

United States District Court,
W.D. Louisiana,
Lafayette-Opelousas Division.

May 13, 1985.

Terry Theriot, Lafayette, La., Nan Landry, New Iberia, La., for plaintiff.

C.G. Norwood, Jr., Michael Pulaski, New Orleans, La., Gary Crawford, Frank Mandlebaum, New York City, for defendant.

Phyllis Jackson Pyles, Dept. of Justice, Civ.Div., Washington, D.C., for U.S.

## WRITTEN REASONS FOR RULING

SHAW, District Judge.

After hearing oral arguments of counsel for the plaintiffs and for the United States of America in chambers on May 10, 1985, the Court granted the Government's motion to dismiss based upon its finding that all of the actions of government employees which the plaintiffs claim contributed to causing the vehicular accident in which they were injured on December 26, 1981, are actions which Congress intended to shield from tort liability pursuant to the discretionary function exception to the Federal Tort Claims Act, 28 U.S.C. § 2680.

Counsel for the plaintiffs argues that three specific allegations of fact in this case place it outside the scope of the discretionary function exception and expose the Government to potential liability: (1) the failure of the government employee handling the sale transaction of the jeep to supply the vendee with the owner's manual and to warn of the jeep's "roll" propensity; (2) the failure of the Government to force AM General Corporation to manufacture the jeep in accordance with all specifications; (3) the decision to sell the jeep despite the fact that it had previously been wrecked.[1]

---

**1.** The record should reflect that this allegation was raised for the first time during oral argument and has not yet been the subject of discovery.

This Court is, nevertheless, convinced that the decisions exercised by government employees concerning this jeep fall within the purview of a discretionary function or duty, and whether or not they abused their discretion, the plaintiffs' claims herein are barred by 28 U.S.C. § 2680(a). Finally, it is worth noting that recent opinions of several district courts addressing the same and similar issues support this Court's conclusion. *See Shirey v. United States*, 582 F.Supp. 1251 (D.S.C.1984); *Julia Ford, et al v. United States*, C.A. No. H–81–1922 (S.D.Tx.1984); *Catherine Key v. United States*, C.A. No. LR–C–83–163 (E.D.Ark. 1984).

Counsel for the United States of America shall submit an appropriate judgment for the Court's signature within ten (10) days of receipt of this document.